UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THIEN AN VO, § | | |
|     *Plaintiff*, § | | |
| § | | |
| vs. § | CIVIL ACTION H-09-1061 | |
| § | | |
| CITY OF HOUSTON, *ET AL.*, § | | |
|     *Defendants*. § | | |

## SUMMARY JUDGMENT OPINION AND ORDER

Plaintiff's challenge to the city's regulatory scheme for taxi cabs is before the court on defendants' motion for summary judgment (Dkt. 67).[1] Having reviewed the parties' submissions and the law, the court grants defendants' motion and dismisses this case with prejudice.[2]

**Background**

Vehicles for hire, including taxicabs, in the City of Houston are regulated by Chapter 46, Art. II, of the Code of Ordinances. On December 12, 2007, the City Counsel and Mayor of Houston passed Ordinance 2007-1419, which amended certain provisions of Chapter 46.[3] Ordinance 2007-1419 sets out a scheme for distributing 211 taxicab permits to existing

---

[1]     The parties have consented to the jurisdiction of this Magistrate Judge for all purposes, including entry of final judgment (Dkt. 44).

[2]     Plaintiff's motion in limine (Dkt. 70) is denied. Defendants' motion for leave to file a reply (Dkt. 75) is granted.

[3]     The court takes judicial notice of the relevant ordinances, which are exhibits A and B to defendants' motion.

permit holders and 11 permits to new applicants. The distribution was scheduled to take place on June 11, 2008, but to date has not taken place.[4]

On May 29, 2008, an association representing about 60 small company permit holders sued the City alleging that Ordinance 2007-1419 violated equal protection under the 14th Amendment to the Constitution. On June 11, 2008, United States District Judge David Hittner issued a temporary injunction blocking the distribution and lottery pending the outcome of the lawsuit. On April 26, 2010, the district court adopted the recommendation of Magistrate Judge John R. Froeschner granting summary judgment to the City.[5]

Plaintiff Thien An Vo filed this complaint on April 9, 2009, while the association's lawsuit was pending. At that time, Vo was a licensed taxicab driver in Houston, operating under a contract with Greater Houston Transportation Company.[6] Vo is not qualified to apply for a new permit under City ordinance § 46.65(a)(7) because she does not have at least 5 years experience in the last 10 years, with at least 2 of those years in Houston. She applied for a permit in March 2007 and was rejected. Therefore, she did not apply in 2008 to participate in the distribution scheme established by Ordnance 2007-2419. Vo alleges that the City's entire taxicab regulatory scheme, Chapter 46 of Art. II as amended by Ordinance

---

[4] Permits are to be distributed to existing permit holders based on company size. Qualified new applicants are to be entered into a lottery to determine the 11 recipients.

[5] *See Greater Houston Small Taxicab Co. Owners Assoc. v. City of Houston*, No. H-08-1702 (S.D. Tex., March 25, 2010), defendants' ex. D.

[6] Vo and Greater Houston Transportation Company have since parted ways under disputed circumstances that are not relevant to this analysis. *See* Dkts. 70, 73.

2007-1419, violates her right to equal protection of the law under the 14th Amendment. Vo further alleges that the City violated her due process rights in passing Ordinance 2007-1419. Vo seeks a declaratory judgment striking down the Ordinance and an injunction preventing implementation of the distribution scheme, $300,000 in compensatory damages, and $1,200,000 in punitive damages to fund a liaison between drivers and City regulators.

## Analysis

Summary judgment is appropriate if no genuine issues of material fact exist, and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The party moving for summary judgment has the initial burden to prove there are no genuine issues of material fact for trial. *Provident Life & Accident Ins. Co. v. Goel*, 274 F.3d 984, 991 (5th Cir. 2001). Dispute about a material fact is "genuine" if the evidence could lead a reasonable jury to find for the nonmoving party. *In re Segerstrom*, 247 F.3d 218, 223 (5th Cir. 2001). "An issue is material if its resolution could affect the outcome of the action." *Terrebonne Parish Sch. Bd. v. Columbia Gulf Transmission Co.,* 290 F.3d 303, 310 (5th Cir. 2002).

The City first challenges Vo's standing to bring this lawsuit. Second, the City argues that Vo cannot meet her burden to show that its regulatory scheme fails the "rational relationship" test.

### 1. Standing/Ripeness

The issue of Article III standing must be addressed prior to adjudication on the merits. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 93-102 (1998). Federal

jurisdiction extends only to "cases" and "controversies." Standing to sue is part of what makes a justiciable "case."

> The irreducible constitutional minimum of standing contains three requirements. First and foremost, there must be alleged (and ultimately proved) an injury in fact – a harm suffered by the plaintiff that is concrete and actual or imminent, not conjectural or hypothetical. Second, there must be causation – a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant. And third, there must be redressability – a likelihood that the requested relief will address the alleged injury. This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.

*Id.* at 103-04.

To determine whether claims are ripe, the court evaluates (1) the fitness of the issues for judicial resolution, and (2) the potential hardship to the parties caused by declining court consideration. *Texas v. United States*, 497 F.3d 491, 498 (5th Cir. 2007). "The doctrines of ripeness and standing often overlap in practice particularly in an examination of whether a plaintiff has suffered a concrete injury." *Id.* at 496.

The City attacks the "injury in fact," or ripeness, aspect of justicability. According to the City, Vo's claims are not ripe because she did not apply to participate in the distribution scheme established by Ordinance 2007-1419, and because the distribution has not taken place.

Vo wants a permit to drive a taxicab in Houston but cannot get one from the City. Vo concedes she did not apply for a permit as a new applicant in order to take part in the distribution scheme under Ordinance 2007-1419. But she did apply in March 2007. There

4

is no dispute that she is not a qualified applicant under § 46.65 with or without regard to Ordinance 2007-1419. That fact is one of the aspects of the regulatory scheme that Vo attacks as unconstitutional. Moreover, the fact that the distribution scheme set forth in Ordinance 2007-1419 has been on hold due to lawsuits and injunctions does not make her claim purely conjectural. The City could enforce the ordinance at any time.[7] The court concludes that Vo has suffered an injury in fact sufficient to confer standing and ripeness.[8]

### 2. Equal Protection – Rational Basis Review

Plaintiff asserts the City's taxicab ordinances oppress the class of taxicab drivers such as herself and privilege the class of "permittees," most of which are not actually taxicab drivers but entities that lease cars to drivers.

The Equal Protection Clause of the Fourteenth Amendment to the United States Constitution requires the state to treat similarly situated persons in a similar manner. *Cunningham v. Beavers*, 858 F.2d 269, 272 (5th Cir. 1988). Government classifications that

---

[7] The injunction against implementation of the scheme issued in *Greater Houston Small Taxicab Co. Owners Assoc.* dissolved April 26, 2010 when final judgment was entered in that case. That decision is on appeal and the City apparently has no immediate plans to implement the distribution scheme, but there is no indication that the injunction remains in place.

[8] The City has not addressed the causation and redressability aspects of standing. Given that Vo's injury is a direct result of the ordinances she is challenging, Vo has satisfied the causation requirement for justiciability. The court further finds that Vo's claims are redressable. Whether or not Vo has a valid cause of action "does not implicate subject-matter jurisdiction, *i.e.*, the court's statutory or constitutional *power* to adjudicate the case." *Steel*, 523 U.S. at 89 (emphasis in original). The court has the power to grant Vo the relief she seeks, *i.e.*, a determination that the taxicab ordinance is unconstitutional, and thus her claim is redressable.

target suspect classes (such as race or national origin) or infringe upon fundamental rights (such as free speech) require strict scrutiny. *Mass. Brd. of Retirement v. Murgia*, 427 U.S. 307, 312 (1976). But classifications that do not target suspect classes or groups or fundamental interests are subject to a more deferential rational basis review. *Id*. at 313-14; *Cunningham*, 858 F.2d at 273. The distribution ordinance at issue here makes classifications based on the size of taxicab companies, and based on whether a driver has a minimum amount of experience driving a cab.

The right to hold a taxicab permit is not a fundamental right. *See City of New Orleans v. Dukes*, 427 U.S. 297, 303-04 (1976).[9] There is no classification in the ordinance scheme based on a suspect class nor any infringement on a fundamental right. "In short, the judiciary may not sit as a superlegislature to judge the wisdom or desirability of legislative policy determinations made in areas that neither affect fundamental rights nor proceed along suspect lines, . . . in the local economic sphere, it is only the invidious discrimination, the wholly arbitrary act, which cannot stand consistently with the Fourteenth Amendment." *Id.*

Therefore, the City's ordinances are presumed valid and must be upheld if any rational basis exists for them. *Cunningham*, 858 F.2d at 273. The City's classification scheme does not have to be perfect, it does not even need to be the least restrictive means of achieving a permissible end. The burden of proof to negate any rational basis for the ordinance is on the

---

[9] *See Greater Houston Small Taxicab Co. Owners Assoc. v. City of Houston*, No. H-08-1702, slip op. at n.3 (S.D. Tex. March 25, 2010) (gathering cases in which federal courts have upheld facially unequal transportation service regulatory schemes under the rational basis test).

6

plaintiff. *Hodel v. Indiana*, 452 U.S. 314, 331-32 (1981). The City is not required to articulate any reason at all for its legislative choices at the time it makes them, and it is not necessary for the City to show that it was actually motivated by the reasons it gives in support of them. *F.C.C. v. Beach Communications, Inc.*, 508 U.S. 307, 315 (1993). Recitals in the ordinance itself can serve to identify the relevant governmental interests. *See Frisby v. Schultz*, 487 U.S. 474, 477-78 (1988); *N.W. Enterprises Inc. v. City of Houston*, 352 F.3d 162, 176 (5th Cir. 2003).

Ordinance 2007-1419 recites several governmental interests it is designed to address, including encouraging competition, creating a distribution scheme to better allow the industry to recover form recent catastrophic events, allowing mid-sized companies to grow into full-service companies better able to meet the needs of the community, greater distribution to small taxicab companies than under the previous distribution plan, ensuring access by new entrant entrepreneurs, increasing driver training, increasing the number of wheelchair accessible vehicles, and better serving the needs of the riding public.

Section 46.66 of the Code of City Ordinances provides the following reasons for a regulated permit distribution plan such as that established in Ordinance 2007-1419: (i) to foster enhanced competition within the taxicab industry, (ii) to increase the level and quality of taxicab service available to the public for other than city airport departure trips, and (iii) to promote more efficient utilization of taxicabs, which purposes should enhance the public satisfaction and generate operating cost and fare savings.

Clearly, public safety is a legitimate government interest. Section 46.65(a)(7)'s requirement that new entrant applicants "within the preceding period of ten years had at least five years active and practical taxicab business experience, with at least two of those in the city," is rationally related to the interest of public safety. The fact that those who receive a permit by purchase or assignment from an existing permit holder do not necessarily have to meet this requirement does not negate this rational basis. Again, the City's determinations in this regard are not based on any suspect classifications and thus the court gives great deference to the City's legislative policy determinations.

The City's regulatory scheme undoubtedly works to Vo's economic disadvantage. Unable to secure a permit in her own right, Vo is forced to work as a contract driver under a contractual arrangement with a permit holder that requires her to pay the permit holder lease fees. However, the fact that some people may suffer economic hardship as a result of the ordinance does not mean that there is no rational basis to support it. *See Hodel*, 452 U.S. at 331-32. The result may not seem fair to Vo and others in her position, but absolute fairness to all will rarely if ever be achieved by any regulatory scheme. Vo has not and cannot meet her burden "to negate every conceivable basis which might support" the City's taxicab ordinance s. *See Lehnhausen v. Lake Shore Auto Parts Co.*, 410 U.S. 356, 364 (1973). The City is entitled to summary judgment on Vo's equal protection claims.

### 3. Due Process

Vo alleges that Ordinance 2007-1419 was illegitimately enacted because it was the product of a working group consisting of a small group of permittees who provided inaccurate information to City Council.

A plaintiff asserting a federal due process claim must first establish a protected property or liberty interest. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 59 (1999); *Simi Inv. Co., Inc. v. Harris County, Tex*, 236 F.3d 240, 249 (5th Cir. 2000). As noted above, Vo has no constitutional right to hold a taxicab permit. Moreover, the record reflects no procedural irregularities of constitutional import in the legislative process.[10]

Prior to passage of Ordinance 2007-1419, the City formed industry working or stakeholder groups to provide insight and comment on the permit computation and distribution process. Indeed, Vo participated in some of these working group meetings. However, Vo contends that taxicab drivers like herself were not given notice of the meeting at which a vote on the working group's final recommendations was taken and thus were precluded from voting. There is no constitutional requirement that the City form a working

---

[10] Vo makes conclusory statements that the regulatory scheme is unconstitutionally vague. But she has pointed to no language in the ordinances that is vague. The ordinances at issue are painfully detailed and specific. Indeed, Vo is certainly clear about the impact of the ordinances on her ability to operate a taxicab in Houston. There is no support for a claim that the ordinance is unconstitutionally vague under the due process clause. *See Roark & Hardee LP v. City of Austin*, 522 F.3d 533, 546 (5th Cir. 2008) (where a law that does not threaten to infringe constitutionally protected conduct is challenged facially as unduly vague, the plaintiff "must demonstrate that the law is impermissibly vague in all of its applications."). To the extent Vo asserts such a claim, it is dismissed.

group or follow its recommendations prior to enacting legislation. Irregularity in the working group process does not render the City's legislative acts unconstitutional. Thus, Vo's substantive and procedural due process claims are dismissed.

**Conclusion and Order**

Defendants' motion for summary judgment (Dkt. 67) is granted and plaintiff's claims are dismissed with prejudice. The court will issue a separate final judgment.

Signed at Houston, Texas on September 10, 2010.

Stephen Wm Smith
United States Magistrate Judge